UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III,              ) | |
|                                   ) | |
|           Plaintiff,              ) | |
| v.                                ) | No. 4:23-cv-01164-SEP |
|                                   ) | |
| METRO TRANSIT AGENCY, et al.,     ) | |
|                                   ) | |
|           Defendants.             ) | |

## **MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], and Motion for Summary Judgment, Doc. [3]. For the reasons set forth below, the former is granted and the latter denied. Plaintiff must file an amended complaint on the Court-provided form as instructed below.

### FACTS AND BACKGROUND

Plaintiff is a frequent self-represented and *in forma pauperis* litigant.[1] He has been warned that filing frivolous lawsuits is an abuse of the litigation process. *Phillips v. St. Louis Cnty.*, 2022 WL 11747738, at *3 (E.D. Mo. Oct. 19, 2022). Since that warning, Plaintiff has filed dozens of new cases.[2]

Plaintiff's claims arise from an incident in September 2023, when he was removed from a bus and later arrested by North County police officers. Doc. [1] at 2. He brings a variety of claims against three named defendants: (1) Metro Transit Agency; (2) North County Police Cooperative;

---

[1] Plaintiff has filed more than 70 cases in this Court since 2010. He has already filed dozens of cases in 2024. Only one of those cases has made it past initial review under 28 U.S.C. § 1915(e)(2), and that case was dismissed after Plaintiff failed to respond to a motion to compel and failed to appear for a hearing. *See Phillips v. Dunn*, No. 4:16-CV-1698-RWS (E.D. Mo. Oct. 31, 2016). Plaintiff's other cases have been dismissed before service on any defendant for a variety of reasons, including failure to sign the complaint, frivolity, failure to state a claim, lack of jurisdiction, and failure to prosecute.

[2] Although almost all of Plaintiff's cases have been dismissed as frivolous or for failure to state a claim, the "three strikes" provision, 28 U.S.C. § 1915(g), does not apply here because Plaintiff was not incarcerated when he filed the Complaint. *See* 28 U.S.C. § 1915(h) (a "prisoner" for purposes of the three strikes rule is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"); *Haley v. United States Gov't*, 674 F. App'x 616 (8th Cir. 2017) (plaintiff not subject to the three strikes rule because he had been released from confinement and was living in a transitional housing facility when he filed the complaint).

and (3) St. Louis County.³  *Id.* at 1.  Plaintiff states later in the Complaint that he is suing the two police officers who arrested him—names unknown—"in their individual and official capacities." *Id.* at 2.  Plaintiff seeks $21 million in damages.  Doc. [1-1].

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious or it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must make a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 663); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Thus, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

---

³ Plaintiff lists "et. el." after two of the defendants' names in the caption of the Complaint.  Doc. [1] at 1. Plaintiff likely intended to use the Latin abbreviation "et al.," meaning "and other persons." *See Et al.*, Black's Law Dictionary (11th ed. 2019).  Because Plaintiff has not identified any other defendants, the Court construes the Complaint as brought against only the three defendants identified by name.

**DISCUSSION**

I. **The Complaint is deficient.**

On review under 28 U.S.C. § 1915, the Complaint is deficient in several respects. Because Plaintiff is self-represented, he will be allowed to amend his Complaint in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (courts should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint). Plaintiff should consider the following issues in filing the amended complaint.

The Complaint is defective because it was not drafted on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable. If an action is not filed on a Court-provided form, the Court, in its discretion, may order the self-represented plaintiff or petitioner to file the action on a Court-provided form."). Plaintiff must file his amended complaint on the Court's Civil Complaint form.

The Federal Rules of Civil Procedure require litigants to write their pleadings in an organized and comprehensible manner. *See* Fed. R. Civ. P. 8, 10. Self-represented litigants must abide by these Rules. *McNeil*, 508 U.S. at 113. Plaintiff must therefore set out his claims and the facts supporting his claims against each named defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim"); 8(d)(1) (each claim shall be "simple, concise, and direct"); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be "limited as far as practicable to a single set of circumstances"). Plaintiff should fill out the Civil Complaint form in its entirety.

An amended complaint should contain a short and plain statement of what claims entitle Plaintiff to relief, as to which named defendants, based on what supporting facts. Plaintiff should not make conclusory legal claims without supporting factual content, or his amended complaint will not plead a plausible claim for relief. *See Iqbal*, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff should explain the role of each named defendant in the case, so that each will receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

For example, Plaintiff names the Metro Transit Agency and the North County Police Cooperative as defendants, but he makes no specific allegations of harm against either. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant "was personally involved in or had direct responsibility for incidents" that deprived the plaintiff of his constitutional rights). As to Metro Transit Agency, Plaintiff states that he is suing it "under a respondeat superior theory due to the acts of [its] agents." Doc. [1] at 3. But "[a] supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (citing *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)).

Plaintiff also alleges that a Metro bus driver discriminated against him and then called his supervisor, who deceived him into exiting the bus and participated in the discrimination. Plaintiff does not provide a basis for the alleged discrimination, nor does he provide any factual allegations upon which the Court could deduce that he was treated in a discriminatory manner. To the extent Plaintiff is trying to bring a claim under Title VII of the Civil Rights Act of 1964, such a claim would fail. Title VII makes it unlawful for an employer to discriminate against an individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. None of the defendants is Plaintiff's employer or potential employer. And Plaintiff does not allege facts that show discrimination based on race, color, religion, sex, or national origin.

Plaintiff also seems to bring a claim under Title II of the Americans with Disabilities Act (ADA). *See* Doc. [1] at 1. Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Power v. Univ. of N.D. Sch. of Law*, 954 F.3d 1047, 1052 (8th Cir. 2020). To state a prima facie ADA claim, a plaintiff must demonstrate that "1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999). Plaintiff has pled no facts supporting any of those requirements. Plaintiff does not allege any disability as defined by the statute, nor any facts suggesting that he was discriminated against on the basis of such disability.

Finally, to state a § 1983 claim against St. Louis County, Plaintiff must allege that a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff did not plead those elements in the Complaint.

The filing of an amended complaint completely replaces the original complaint and all supplements, so it must include all claims that Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."). Any claims from the Complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must type or neatly print the amended complaint on the Court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of any defendant(s) he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). It is not sufficient to put "et al." in the caption of the amended complaint or in the section of the form complaint where defendants' names should be listed. If there is not enough room in the caption, Plaintiff may add additional sheets of paper, but all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating defendant's personal responsibility for harming him. It is not enough for Plaintiff to refer to a group of defendants and make allegations against them collectively. If Plaintiff wants the police officers who arrested him to be defendants in this case, he must list them as such. If he does not know the names of the police officers, he may name them as "John Doe" defendants if the amended complaint makes sufficiently specific allegations to permit the identity of the parties to be ascertained after reasonable discovery. *See Munz*, 758 F.2d at 1257.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should include only claims that arise out of the same

5

transaction or occurrence, i.e., claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  If Plaintiff sues only a single defendant, he may set forth as many claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.  The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

II.     **The Motion for Summary Judgment is premature.**

Plaintiff filed a Motion for Summary Judgment just five days after filing the Complaint.  Plaintiff argues that because there is video surveillance of the incident, no genuine issue of material fact exists.  Doc. [3].  It is too early in this case to seek summary judgment.  The Court has not completed review of the pleadings under 28 U.S.C. § 1915; no defendant has been served; no discovery has taken place.  Therefore, the Motion for Summary Judgment is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2], **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of an amended complaint, the Court shall again review this action under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, Doc. [3], is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 13th day of June, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

6